**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ERNESTO HERRERA CARO,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **Case No. CIV-26-2279-R** |
| **FRED FIGUEROA, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Ernesto Herrera Caro, a noncitizen proceeding pro se,[1] seeks a writ of habeas corpus under 28 U.S.C. § 2241. Doc. 1.[2] United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3.

[1] This Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)). This Court construes "[a] pro se litigant's pleadings . . . liberally," holding them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2] Citations to a court document are to its electronic case filing designation and pagination. Except for capitalization, quotations are verbatim unless otherwise indicated.

Respondents filed a response, Doc. 7,[3] and Petitioner has replied, Doc. 8. So, the matter is at issue.

For the reasons set forth below, the undersigned recommends the Court grant the habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing within ten days or otherwise release him from custody.

## I. Factual background and Petitioner's claims.

Petitioner is a native and citizen of Colombia who entered the United States at an unknown time. He was detained on July 21, 2026, while completing his annual check-in at an Immigration and Customs Enforcement (ICE) office. Doc. 8, at 1-2. He remains in detention at the Diamondback Correctional Facility in Watonga, Oklahoma.[4] ICE Online Detainee Locator Service, https://locator.ice.gov/odls/#/results (last visited Oct. 15, 2026).

Petitioner presents four claims for relief: (1) detention despite his

---

[3] The Warden of the Diamondback Correctional Facility, Fred Figueroa, is not a federal official and the government did not file its response on his behalf. Doc. 7.

[4] At the time Petitioner filed his petition, his removal proceedings were ongoing. On October 5, 2026, an Immigration Judge (IJ) ordered Petitioner removed. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation (last visited Oct. 15, 2026). The time for Petitioner to appeal has not yet lapsed, so his removal order is not final. *Id.*; 8 C.F.R. § 1241.1(c) (an order of removal is not administratively final until time allotted for an appeal lapses).

pending asylum case; (2) violation of his Fifth Amendment due process rights; (3) detention without an individualized bond hearing at which the government bears the burden of proof; and (4) illegal arrest without a warrant. Doc. 1, at 6-7.

Petitioner seeks his immediate release from ICE custody, an injunction preventing his transfer or deportation while his petition remains pending, and an order preventing ICE from re-detaining him in the event he is released. *Id.* at 7.[5]

## II. Standard of review.

An application for a writ of habeas corpus "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). Habeas corpus relief is warranted only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis,* 533 U.S. 678, 687-88 (2001)).

## III. Discussion.

---

[5] The Court addressed these issues in part in its Order for Response, Doc. 5.

### A. Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b).

Petitioner is not subject to mandatory detention. "[T]his Court has previously construed 8 U.S.C. § 1225(b)(2)(A) as unambiguously requiring that an 'applicant for admission' also be 'seeking admission' for the section to control." *Munoz v. Grant*, No. CIV-26-544-D, 2026 WL 1078862, at *1 (W.D. Okla. Apr. 20, 2026). "This conclusion is in accord with *Santillan Quiroz* [*v. Mullin*, 180 F.4th 1226 (10th Cir. 2026], in which the Tenth Circuit held that '§ 1225(b)(2)(A)'s application is limited to the border.'" *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *1 (W.D. Okla. July 14, 2026) (quoting *Santillan Quiroz*, 180 F.4th at 1240); *see Santillan Quiroz*, 180 F.4th at 1237 ("[N]oncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A).").

Petitioner was not "seeking admission" at the border when ICE detained him. So he "does not fall into the mandatory detention provision of § 1225(b)(2)(A)." *Ramos Perez*, 2026 WL 2033144, at *2. Instead, § 1226(a) controls his detention and entitles him to a bond hearing. *Id.* (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13); *see also Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at *3 (W.D. Okla. June 29, 2026) (concluding that detention of a noncitizen who had resided in the interior for years before ICE

detained him "is more naturally characterized as detention 'pending a decision on whether the alien is to be removed from the United States' within the meaning of § 1226(a)").

**B. Petitioner is entitled to a bond hearing under § 1226(a).**

Because Petitioner is detained under § 1226(a), the undersigned concludes a bond hearing is the appropriate remedy. *See, e.g., Santillan Quiroz*, 180 F.4th at 1247 (explaining that noncitizens subject to § 1226(a) are "eligible for bond").

"Unlike § 1225(b)(1), § 1226(a) contemplates individualized custody determinations and authorizes release on bond or conditional parole pending completion of removal proceedings." *Zhakhonov*, 2026 WL 1865418, at *3. Here, the government has not provided Petitioner with an individualized custody determination since his detention in July 2026. Doc. 1, at 6-7. *See, e.g., Zhakhonov*, 2026 WL 1865418, at *3 ("[T]he process afforded by § 1226(a) itself serves as the mechanism through which a detainee's liberty interest is protected."). Because this is "the very process Congress prescribed for detainees held pursuant to § 1226(a)," the Court should order Respondents to provide Petitioner with a bond hearing under § 1226(a). *Zhakhonov*, 2026 WL 1865418, at *3; *see also Navarrete v. Mullin*, No. CIV-26-224-SLP, 2026 WL 2323345, at *2 (W.D. Okla. Aug. 11, 2026) (finding the petitioner had a "protected liberty interest arising from her release on her own recognizance"

and that the level of process owed to her was "for Respondents to provide [her] with a bond hearing pursuant to 8 U.S.C. § 1226"); *Todyrenchuk v. Warden of Diamondback Corr. Facility*, No. CIV-26-1243-J, 2026 WL 2186977, at *3 (W.D. Okla. July 29, 2026) ("[T]he Court concludes the proper remedy in this case is not immediate release, but an individualized bond hearing before an [IJ] exercising jurisdiction under § 1226(a).").

Respondents argue that Petitioner is not entitled to a bond hearing because he refused to sign a Notice of Custody Determination that purported to allow him to request review of his custody determination by an IJ. Doc. 7, at 1; Ex. 1. Petitioner claims that he did not intend to waive his right to a bond hearing but simply did not understand what he was being asked to sign. Doc. 8, at 1. The Court need not resolve this factual dispute. Petitioner is not required to request a bond hearing before seeking habeas relief. *See, e.g., Miranda v. Mullin*, No. CIV-26-1004-D, 2026 WL 2390961, at *1 (W.D. Okla. Aug. 17, 2026) (finding that "Petitioner is not required to request a bond redetermination hearing before filing his Petition" and ordering a prompt bond hearing); *Repela v. ICE Field Off. Dir.*, No. 26-CV-00552, 2026 WL 776123, at *2 (D. Colo. Mar. 19, 2026) ("[E]ven though a noncitizen detained pursuant to § 1226 may request a bond hearing, they are not required to do so before they can pursue § 2241 habeas relief."); *Salvador F.-G. v. Noem*, No. 25-CV-243-CVE-MTS, 2025 WL 1669356, at *6 (N.D. Okla. June 12, 2025) (" § 1226

contains no clear rule that requires exhaustion of administrative remedies."). His failure to sign the Notice of Custody Determination does not affect his right to a bond hearing under § 1226(a).

The Court should thus grant the petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) within ten days; if they fail to do so, they must release Petitioner. *See, e.g.*, *Santillan Quiroz*, 180 F.4th at 1251 n.13 (directing district court to order the government to provide the petitioner a bond hearing within seven days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."); *see also Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *6 (W.D. Okla. Dec. 16, 2025) ("Petitioner has not received a bond hearing and Respondents raise no objection challenging their obligations to provide bond hearings for noncitizens that are detained under 8 U.S.C. § 1226(a).").[6]

**C. The Court should decline to address Petitioner's remaining claims.**

[6] Petitioner requests the Court place the burden on the Government at a bond hearing to show "that [his] detention is justified." Doc. 1, at 6. But this Court has previously declined to order burden shifting. *See, e.g.*, *Zhang v. U.S. Dist. Ct.*, No. CIV-26-1022-D, 2026 WL 2323190, at *1 (W.D. Okla. Aug. 11, 2026) ("[T]he Court declines to place the burden on the Government to justify Petitioner's detention pending removal proceedings, at this time."); *Rangel v. Mullin*, No. CIV-26-568-D, 2026 WL 1625653, at *2 n.2 (W.D. Okla. June 5, 2026) ("At this time, the Court declines to place the burden on the government to justify Petitioner's detention pending removal proceedings."). So the undersigned does not recommend it in this case.

Given the undersigned's recommendation to grant Petitioner a bond hearing, the Court should decline to address the merits of Petitioner's remaining claims for relief. The Court can grant him relief under § 1226(a). *See Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim."); *see also Ramos Perez*,2026 WL 2033144, at *2 n.2 (declining to address the petitioner's remaining claims after ordering a bond hearing).

**IV. Recommendation and notice of right to object.**

For the reasons set forth above, the undersigned recommends the Court **grant Petitioner's habeas petition in part and order Respondents to provide Petitioner with an individualized bond hearing before a neutral IJ within ten days; if they fail to do so, they must release Petitioner.** The undersigned also recommends that the Court order Respondents to certify their compliance with the Court's order by filing a status report within ten business days of the Court's order, and to promptly provide a copy of this order to counsel for the Warden of the Diamondback Correctional Facility.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court by October 26, 2026, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure

72.[7] The undersigned further advises the parties that failure to make timely objections to this Report and Recommendation waives the right to appellate review of both factual and legal questions contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). This Report and Recommendation disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

**ENTERED** this 19th day of October, 2026.

SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE

[7] Given the expedited nature of these proceedings, the undersigned has reduced the typical objection time to this Report and Recommendation. *See* Fed. R. Civ. P. 72(b)(2) advisory committee's note to 1983 addition (noting that rule establishing 14-day response time "does not extend to habeas corpus petitions, which are covered by the specific rules relating to proceedings under Sections 2254 and 2255 of Title 28."); *see also Whitmore v. Parker,* 484 F. App'x 227, 231 & n.2 (10th Cir. 2012) ("The Rules Governing § 2254 Cases may be applied discretionarily to habeas petitions under § 2241" and that "while the Federal Rules of Civil Procedure may be applied in habeas proceedings, they need not be in every instance–particularly where strict application would undermine the habeas review process").